FILED
2006 May-19 PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM E. PETTUS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **vs.** | } | **CASE NO. CV 05-B-2496-NE** |
| | } | |
| **LAWRENCE COUNTY SHERIFF BRIAN HILL, et al.,** | } | |
| | } | |
| **Defendant.** | } | |

# MEMORANDUM OPINION

This case is currently before the court on defendants' Motion to Dismiss, filed December 27, 2005. (Doc. 2.)[1] Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the defendants' Motion to Dismiss is due to be granted in part and denied in part.

## I. STATEMENT OF FACTS.

Plaintiff filed this action on December 6, 2005, alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. (See generally, Complaint, Doc. 1.) Plaintiff's allegations arise from an arrest and subsequent three day incarceration in the Lawrence County Jail in September of 2004. (Id.) Plaintiff claims that his medications were withheld and that he was denied badly needed medical treatment (See generally, Complaint.) After some time in jail, plaintiff alleges that he

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

became so ill and dehydrated that he was unable to walk. (Compl., at 8, ¶ 25.) He claims that, instead of taking him to a hospital for medical treatment, defendant Fike, with the assistance of an "inmate trustee," carried him to a patrol car, drove him home, carried him inside, placed him, in a semi-conscious state, on his living room sofa, and abandoned him. (Compl., at 9, ¶¶ 26-28.) Plaintiff alleges that his need for immediate medical attention was "apparent and obvious to the inmates, Sheriff's Office, Jailers and Jail Administration," and that he did not receive medication or any form of medical attention at any time during his incarceration. (Id., ¶ 31.) Plaintiff alleges a claim under 42 U.S.C. § 1983 against Sheriff Brian Hill, Chief Jailer James Farris, and Deputy Sheriff Jo Fike in their individual capacities. Plaintiff also alleged state-law claims for outrage and wantonness against the three defendants in their official and individual capacities, however plaintiff has voluntarily dismissed those claims. (See Doc. 10.)

## II. DISCUSSION.

As the basis for his Section 1983 claim, plaintiff alleges violations of his Eighth Amendment right, under *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), to adequate medical care while imprisoned. However, "[c]laims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners. *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). Nevertheless, the applicable standard is the same, so decisional law

involving prison inmates applies equally to cases involving arrestees or pretrial detainees." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.*

Defendants contend that the allegations in the Complaint lack the factual specificity required to meet the heightened pleading standard applied by the Eleventh Circuit in Section 1983 cases involving qualified immunity. Specifically, defendants argue that plaintiff "has not alleged sufficient facts indicating that Sheriff Hill, Chief Jailer Farris, or Deputy Fike were aware of the incident made the basis of this Complaint or that they had knowledge of any alleged danger." (Defs.'s Brief in Support, Doc. 3, at 7.)

Plaintiff alleges that his acute need for medical attention was "apparent and obvious" and that defendants "acted in a manner to remove and dispose [of] the plaintiff" rather than seeing to it that he receive treatment. (Compl., at 8-9, ¶¶ 25, 31.) The Complaint alleges that because plaintiff was semi-conscious and so ill that he was unable to walk, Fike had to personally carry him to the patrol car and then into his house. (Compl., 8-9, ¶¶ 25-28.) These facts, taken in the light most favorable to plaintiff,

establish that Deputy Fike knew of a substantial risk of serious harm to plaintiff and that he disregarded that risk. Therefore, as to defendant Fike, the Complaint is sufficient to meet the heightened pleading standard in Section 1983 cases in the Eleventh Circuit.

Plaintiff also seeks to hold Chief Jailer Farris and Sheriff Hill liable for the acts and/or omissions of their subordinate, Deputy Fike. In the Eleventh Circuit, a supervisory official is not liable for the acts of his subordinates unless he personally participates in the constitutional violation or there is a causal connection between the actions of the supervisor and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Plaintiff does not allege that either Chief Jailer Farris or Sheriff Hill personally participated in any alleged deprivation of medical care, therefore plaintiff must establish a causal connection between their actions and the violation.

A causal connection can be established in any of the following ways: (1) when a history of widespread abuse puts the reasonable supervisor on notice of the need to correct the alleged deprivation and he fails to do so; (2) when the supervisor's improper custom or policy results in a deliberate indifference to constitutional rights; (3) when the facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that they would act unlawfully and failed to stop them from doing so. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not allege a history of widespread abuse which would have put Farris or Hill on notice of a need for corrective measures. Therefore, he fails to allege

sufficient facts to establish a causal connection under the first method.

In his Complaint, plaintiff alleges that Sheriff Hill and Chief Jailer Farris developed and/or maintained policies or customs exhibiting deliberate indifference to the constitutional rights of plaintiff. The Eleventh Circuit has recognized that an official may be held liable for a policy or custom that he established or utilized which results in deliberate indifference to a plaintiff's constitutional rights. See *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); see also *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Plaintiff alleges, *inter alia*, that Sheriff Hill and Chief Jailer Farris developed and/or maintained policies or customs which resulted in the violation of plaintiff's constitutional rights by: (1) failing to properly supervise and/or manage the training and conduct of its law enforcement deputy officers/corrections officers, jailers, and other jail personnel, (Compl., at 11, ¶ 38a); (2) failing to enforce the laws of the State of Alabama and the provisions of the United States Constitution concerning proper policy and procedure with regard to the treatment and handling of jail detainees, inmates, and/or others being held within or under the custody or control of jail facilities, (Id., ¶ 38b); (3) promulgating and issuing inadequate policies and procedures relating to the above stated procedures, (Id., ¶ 38c); (4) failing to fund and provide training on protecting, caring for and monitoring inmates medical needs, (Id., ¶ 38d.) In addition, plaintiff alleges that it was the policy or custom of "Defendants" to: (1) inadequately and improperly investigate and/or address issues of officer misconduct, (Compl., at 12, ¶ 39); (2) inadequately

supervise and train its staff, thereby failing to adequately discourage further constitutional violations on the part of its staff, (Compl., at 12-13, ¶ 40). Plaintiff alleges that, "[a]s a result of the above described policies and customs, Lawrence County Jail personnel believed that their actions/inactions would not be properly or adequately monitored by supervisory officials and that such willful and deliberate indifference to the constitutional rights of those under their custody and/or control would not be investigated or sanctioned, but would be tolerated." (Compl., at 13, ¶ 42.)

In a recent case from the Middle District of Alabama, Judge Fuller held that plaintiff had failed to state a claim for supervisory liability because he "failed to identify any specific written or unwritten policy that [the supervisor] promulgated but only alleged that '[he]. . . did in fact develop and promulgate policies and procedures.'" *Cotney v. Franklin*, 2005 WL 1514047, at *6 (M.D. Ala. 2005). Because plaintiff has not described any specific written or unwritten policy which caused the alleged violation, he has not stated a claim for supervisory liability under the second theory.

Finally, while plaintiff does allege that Fike acted "under the direction of the other defendants," (Compl., at 9, ¶ 29), he does not include any details of the alleged "direction." The Complaint does not state when or in what manner Hill and/or Farris directed Fike to take plaintiff home instead of obtaining much needed medical care. Therefore, plaintiff has not sufficiently alleged facts supporting supervisory liability under the third theory, and the Motion to Dismiss plaintiff's Section 1983 claims is due to

be granted as to defendants Hill and Farris.

Defendant Fike contends that plaintiff's Section 1983 claim against him is barred by qualified immunity. To receive qualified immunity, a government official must first show that he was acting within his discretionary authority. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003). In this case, it is undisputed that Fike was acting within his discretionary authority as a deputy sheriff.

Once a defendant establishes that he was acting according to his discretionary authority, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity. *Cottone*, 326 F.3d at 1358. A state official is not entitled to qualified immunity when: (1) the plaintiff's factual allegations, if true, establish a constitutional violation, and (2) the right allegedly violated was "clearly established" such that defendant had "fair warning" that his conduct violated plaintiff's constitutional rights. *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 2515 (2002).

In order to establish a violation of his constitutional rights, plaintiff must allege facts which indicate that the defendant acted with "deliberate indifference" to his "serious medical needs." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). As previously discussed, the allegations of the Complaint, if true, establish that defendant Fike knew that plaintiff was in serious need of medical treatment and that he failed to obtain the needed care.

Furthermore, "[i]t is well settled that the deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed

by the Eighth Amendment." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Thus, if defendant Fike knew that plaintiff had a serious medical need, then he should have known from the clearly established law that a total failure to obtain medical treatment for him amounted to deliberate indifference. The allegations in the Complaint, if true, establish that defendant Fike's actions violated a clearly established constitutional right, and therefore are sufficient to overcome qualified immunity. Accordingly, as to plaintiff's claim against defendant Fike, the Motion to Dismiss is due to be denied.

**III. CONCLUSION.**

For the reasons stated above, defendants' Motion to Dismiss is due to be granted in part and denied in part. As to defendants Hill and Farris, the Motion to Dismiss is due to be granted and plaintiff's Section 1983 claim against them is due to be dismissed. As to defendant Fike, the Motion to Dismiss is due to be denied. An Order in accordance with this Opinion will be entered contemporaneously herewith.

**DONE** this the 19th day of May, 2006.

Sharon Lovelace Blackburn

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE