# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**WILLIAM E. PETTUS**
      **PLAINTIFF,**

                                    **CIVIL CASE NO: CV-05-B-2496-NE**

**vs.**

**LAWRENCE COUNTY SHERIFF**
**BRYAN HILL in his individual capacity, et al.**
      **DEFENDANTS.**

## PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY DEPOSITIONS

COMES NOW, the Plaintiff, by and through his attorney, and file this Motion for Additional Depositions and state as follows.

1. The Parties at the state of this action knew there was a possibility of numerous defendants, medical testimony and a number of witnesses were to be involved in this action.(doc. 9), at page 2, paragraph 3 listed 15 depositions by each party were requested.

2. The Parties' report was filed based upon the initial defendants before the Amended Complaint naming the Lawrence County Commission and City of Trinity which would include additional need to take the deposition of five commissioners, City of Trinity personnel and possibly others.

3. At the Hearing on Defendant's first Motion to Dismiss the Court also addressed the Scheduling Order and the Court stated it would initially set maximum depositions for

1

each to be 10 and if additional depositions were necessary would consider additional depositions upon motion.

4. The Court granted time for discovery so the Plaintiff could address the issue of the additional parties and Plaintiff did initial discovery depositions to establish a reasonable believe to Amend in a timely manner including additional parties and including two previously dismissed without prejudice.

5. The Plaintiff needed to depose numerous jailors and others and in so doing took ten depositions and is now in need of additional depositions to be taken of each Lawrence County Commissioner, party defendants Hill and Farris as a party and possible medical expert yet to be named by Defendant and other medical personnel that treated Pettus.

6. The depositions are necessary in anticipation of trial and to prepare for Defendants' Motions for Summary Judgment that the Court advised Defendants it should file instead of a motion to dismiss or in the alternative with a motion to dismiss.

7. To deny the Plaintiff an opportunity to conduct complete discovery in this action and to deny the Plaintiff an opportunity to take the deposition of new added party defendants would be prejudicial and deny Plaintiff a fair trial and opportunity to respond to Defendants motion for summary judgment which this Court motivated the Defendants to file immediate before any discovery at all has occurred on the Amended Complaint.

8. Plaintiff moves for up to ten additional depositions.

2

9. The additional depositions will not prejudice this action and unless the Defendants delay the taking of the depositions as it did in the earlier taking of the depositions it can be completed by the discovery completion date in February 2007.

WHEREFORE, Plaintiff prays for the Court granting the motion for additional depositions and Plaintiff request 10 additional depositions that he may conduct and any further relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent on this November 26, 2006 by U.S. Mail to:

Webb & Eley, P.C.
Daryl L. Masters, Esq.
P.O. Box 240909
Montgomery, AL 36124

William C. Porter (POR029)
Attorney for Plaintiff
117 Second Avenue, NE
Cullman, Alabama 35055
Tel:   256.775.8363
Fax:   256.775.8364

3